**CHALLENGE HOMES, INC.,**
**Plaintiff-Appellant,**

v.

**GREATER NAPLES CARE CENTER, INC. and Wendell L. Kramer, Defendants-Appellees.**

**No. 81–5017.**

United States Court of Appeals, Eleventh Circuit.

March 5, 1982.

---

Reid E. Robison, Oklahoma City, Okl., for McAfee & Taft.

William C. Crenshaw, Miami, Fla., for plaintiff-appellant.

Dempsey & Slaughter, P. A., A. Thomas Mihok, Orlando, Fla., for defendants-appellees.

Before VANCE, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Challenge Homes, Inc., (Challenge) appeals from the district court's dismissal of its action against Greater Naples Care Center, Inc. (GNCC) and Wendell L. Kramer. The district court found that a party who could not be joined in the action was indispensable under Fed.R.Civ.P. 19, thus mandating dismissal. We reverse.

## I. Background

In its original complaint Challenge sought judgment against GNCC, Wendell L. Kramer, and Lowell D. Kramer for cancellation of a lease, an accounting, and damages for all profits from the lease. Lowell Kramer at one time was president and chairman of the board of directors of Challenge. Wendell Kramer, his brother, is the sole owner and president of GNCC. The complaint alleged that Lowell Kramer breached his fiduciary duty to Challenge by causing it to lease a nursing home to GNCC at a rental rate substantially lower than the market value with an option to purchase at a price below fair market value. It further alleged that Wendell Kramer knowingly assisted his brother in this breach of fiduciary duty. The original suit was dismissed without prejudice for failure to allege the citizenship of the individual defendants.[1] Challenge filed an amended complaint mak-

1. Challenge is a Minnesota corporation with its principal place of business in Oklahoma. Lowell Kramer is a Minnesota citizen. GNCC and Wendell Kramer are both citizens of Florida.

ing the requisite citizenship allegations, but eliminating as a party defendant Lowell Kramer, whose joinder would have destroyed diversity of citizenship and divested the court of its jurisdiction under 28 U.S.C. § 1332. The appellees then filed a motion to dismiss, alleging in part that Lowell was an indispensable party under Rule 19.

## II. The Indispensability of Lowell Kramer

■ Both parties have vigorously argued whether the breach of fiduciary duty alleged in this case is a tort or a breach of contract under Florida law. We decline to reach this issue, however, because Rule 19 was enacted "to eliminate formalistic labels that restricted many courts from an examination of the practical factors of individual cases." *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980) (quoting 7 Wright and Miller, Federal Practice & Procedure: Civil § 1601 (1972)).[2] *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1967); *Haas v. Jefferson National Bank*, 442 F.2d 394, 398 (1971). Moreover, regardless of the proper characterization of the injury to Challenge, we conclude that Lowell Kramer is not an indispensable party under Rule 19.

■■ Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.[3] *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967). Our first step in analyzing the case at bar, therefore, is to decide whether Lowell Kramer is a person who should be joined if feasible under Rule 19(a). In making this decision, "pragmatic concerns, especially the effect on the parties and the litigation," control. *Smith, supra* at 405. *See Provident Tradesmens, supra.*

Rule 19(a) states in relevant part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence, complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the act in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject

---

**2.** The Eleventh Circuit, in the en banc case *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.

**3.** Rule 19(b) states in relevant part:

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

For the full text of Rule 19(a), see *infra.*

As many courts and commentators have noted, the term "indispensable party" is merely a conclusion arrived at after completing the analysis in Rule 19. Only when a court finds that a person is one who should be joined but cannot be and that the litigation cannot go forward without the missing person is the label "indispensable" appropriate. *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970); 7 Wright & Miller, Federal Practice and Procedure § 1604 at 32 (1972); Advisory Committee's Notes to Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 93 (1966).

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. Viewing these factors in light of "pragmatic concerns," we conclude that Lowell Kramer is not a person who should be joined if feasible. As to the first factor, the only persons with any interest in the lease at issue are Challenge and GNCC, both of whom are before the court. Thus Challenge can be granted complete relief, in the form of cancellation of the lease and an accounting if appropriate, without joining Lowell Kramer in the suit. *Cf. Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir. 1968) (complete relief could not be granted to plaintiffs, owners of property, without all owners joined as parties).

The second part of Rule 19(a) focuses on possible prejudice either to the absent party, Rule 19(a)(2)(i), or the present litigants, Rule 19(a)(2)(ii). Analysis of this part of the joinder test presents a closer issue. Lowell Kramer unquestionably has an interest in this litigation inasmuch as any recovery by Challenge against GNCC necessarily would be based on a finding that Lowell Kramer breached his fiduciary duty to Challenge and was aided by his brother Wendell and GNCC. Thus we must inquire whether the absence of Lowell Kramer in any way jeopardizes his interests or subjects any party to multiple or inconsistent obligations.

Because Lowell Kramer is not a party to this suit and will not have an opportunity to litigate his involvement in the questioned transaction, he will not be legally bound by the judgment under principles of res judicata or collateral estoppel. *See, e.g., Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981). Thus Lowell Kramer will have a full opportunity to litigate his participation in any fraud should either Challenge or GNCC sue him at some future time for damages for his alleged breach of fiduciary duty. The fact that the judgment in this suit would have no legally preclusive effect as to Lowell Kramer, however, does not end the analysis. A court may not:

proceed without considering the potential effect on nonparties simply because they are not "bound" in the technical sense. Instead as Rule 19(a) expresses it, the court must consider the extent to which the judgment may "as a practical matter impair or impede his ability to protect" his interest in the subject matter.

*Provident Tradesmens, supra,* 390 U.S. at 110, 88 S.Ct. at 738.

Accordingly, in *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir. 1970) the court found that an absent person was one to be joined if feasible under Rule 19(a) despite the lack of legal preclusion by res judicata or collateral estoppel. In *Schutten* the plaintiffs, claiming ownership of certain lands leased by Shell Oil from the Board of Commissioners of the Orleans Levee District, sued to evict Shell and obtain an accounting for profits. Noting that the adverse claim of ownership would both interfere with the Board's royalty collection and cast a cloud on its title to the property, the court found that the litigation as a practical matter would prejudice the Board's interests. *See also Doty v. St. Mary Parish Land Co.,* 598 F.2d 885 (5th Cir. 1979) (in suit against landowners, mineral lessee was indispensable). Similarly, in *Haas v. Jefferson National Bank,* 442 F.2d 394 (5th Cir. 1971) plaintiff Haas sought an injunction against the bank to issue 169½ shares of its stock to him. Haas asserted that he and Charles Glueck had purchased shares in the bank jointly, and that the bank knew of his interest but nevertheless, at Glueck's request, transferred the shares to a second bank as collateral for a loan. The court held that Glueck was a party to be joined if feasible partly because transfer of the stock to Haas would prejudice Glueck's ownership and control of all the shares.[4]

We find *Haas, Schutten,* and similar cases distinguishable from the case before us, however. Lowell Kramer, unlike the ab-

---

4. The court also noted that a judgment in favor of Haas could leave the bank open to double liability, because Glueck, who would not be bound by the judgment, could later sue the bank in a separate action and win. Thus Glueck also met the test of Rule 19(a)(2)(ii).

sent persons in *Haas* and *Schutten*, has absolutely no interest in the subject matter of the suit, i.e., the lease. Hence judgment against GNCC for cancellation of the lease and an accounting would have no effect, practical or otherwise, on Lowell Kramer. As a result, we conclude that his interest in this suit would not be prejudiced by his absence as a party.

The final consideration is whether, given Lowell Kramer's interest in the litigation, GNCC might be subject to multiple or inconsistent liability. As we noted above, only Challenge and GNCC have any interest in the lease; thus GNCC's liability can extend only to Challenge and in any case will be finally resolved in this suit. *Cf. Haas, supra* (judgment in favor of Haas without Glueck as a party could leave bank open to double liability should Glueck later win a separate suit against the bank). The only other possible prejudice to GNCC would arise if the corporation claimed indemnity from Lowell Kramer for all or part of its liability. Because, as explained above, Kramer would not be legally bound by a judgment in this case, GNCC could theoretically lose a later suit for indemnity against Kramer. GNCC, however, may protect itself against this possibility by impleading Lowell Kramer under Rule 14.[5] Consequently, GNCC also suffers no prejudice by the absence of Lowell Kramer. *See Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980).

Because Lowell Kramer does not fit any of the Rule 19(a) tests for persons who should be joined if feasible, he *a fortiori* is not an indispensable party under Rule 19. Accordingly, we reverse the district court's dismissal order.

REVERSED.

---

5.  Such joinder would come under the ancillary jurisdiction of the court, so that the case could go forward despite lack of complete diversity. *E.g., Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir. 1970). The plaintiff, however, may not assert any claims against the third-party defendant which do not have an independent jurisdictional basis. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).