**JAMES RIVER INSURANCE CO., Plaintiff,**

v.

**Laura DIMAURO, Defendant.**

**No. 08–23235–CIV.**

United States District Court, S.D. Florida, Miami Division.

July 20, 2009.

Sina Bahadoran, Eric A. Hiller, Miami, FL, for James River.

Stephen A. Marino, Robert Patrick Major, Danya J. Pincavage, Miami, FL, for DiMauro.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Complaint for Failure to Join Indispensable Party [D.E. 8].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff James River Insurance Company ("James River") brings this declaratory judgment action against Laura Dimauro ("Dimauro"). In 2006, Dimauro consumed the dietary supplement Up Your Gas, which was formulated by Nutrition Formulators, Inc. ("Nutrition Formulators" or "NFI") [D.E. 3]. According to Defendant, her consumption of this product caused liver problems and, as a result, she underwent a liver transplant in 2007 [D.E. 3].

James River issued a liability insurance policy to Nutrition Formulators effective February 1, 2008 to February 1, 2009 [D.E. 26]. In June 2008, Defendant sent a letter to James River requesting that they pay the policy limit on behalf of Nutrition Formulators [D.E. 3]. James River claims that the policy limit is $1 million, the limit for injuries that occurred after January 2, 2002 and before February 1, 2008 [D.E. 3 & 26]. However, Defendant argues that her injury is ongoing and, therefore, in addition to the $1 million for injuries before February 1, 2008, she is also entitled to $4 million, the limit for

injuries occurring after February 1, 2008 [D.E. 26]. Thus, Defendant argues that she should receive a total of $5 million from James River. On December 18, 2008, Defendant filed a lawsuit in the Circuit Court for the Eleventh Judicial Circuit in and for Miami–Dade County, Florida [D.E. 26]. James River seeks a declaration that the policy limit for Defendant's claim is $1 million.

Before the Court is Defendant's Motion to dismiss for failure to join Nutrition Formulators as an indispensable party.

## II. DISCUSSION

Whether an absent party is indispensable is governed by Federal Rule of Civil Procedure 19. In making the determination, the court first assesses whether the person in question fits the definition of those who should "be joined if feasible" under Rule 19(a). *See Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Under this inquiry, a person should be joined, when feasible, if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

Second, if the court determines that the person is an indispensable party, but joinder of that party is not feasible, then the Court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Challenge Homes, Inc. v. Greater Naples Care Ctr.,* 669 F.2d 667, 669 (11th Cir.1982). "The court must determine whether, in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Fed. R.Civ.P. 19(b). The court engages in this analysis by applying four factors: 1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or

those already parties; 2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; 3) whether a judgment rendered in the person's absence will be adequate; and 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Id.* "In making the decision of whether a Party is indispensable, pragmatic concerns, especially the effect on the parties and the litigation, control." *Challenge,* 669 F.2d at 669 (internal citations and quotation marks omitted).

Initially, Nutrition Formulators was a Defendant in this case [D.E. 1]. However, when the Complaint was amended, Nutrition Formulators was dropped [D.E. 3]. According to Plaintiff, Nutrition Formulators does not desire to participate in this action. In fact, Nutrition Formulators has agreed to be bound by the outcome of this action in return for Plaintiff dropping it from this case. This "estoppel agreement" is memorialized in a letter dated December 2, 2008 from Plaintiff's counsel to Nutrition Formulator's counsel, which states in relevant part: "In order to have this dispute judicially resolved, James River instituted a declaratory judgment action in U.S. District Court, Southern District of Florida, Miami Division, Case No. 08–23235–CIV. Presently, Dimauro and NFI are named as Defendants. This letter serves to confirm that NFI agrees to be bound by the outcome of that action (res judicata, claim preclusion, issue preclusion, and collateral estoppel). In exchange, James River will amend its complaint and drop NFI as a defendant." [D.E. 29–2]. Furthermore, according to a declaration executed by Nutrition Formulators' counsel: "[o]n December 2, 2008, NFI and James River entered into an estoppel agreement. In exchange for being dropped from the aforementioned lawsuit, NFI agreed to be bound by the outcome of this action for all purposes including but not limited to res judicata, claim preclusion, issue preclusion and collateral estoppel" [D.E. 29–2].

Because Nutrition Formulators has agreed to be bound by the outcome of this case, complete relief can be accorded among James River and Defendant Dimauro in NFI's absence. Furthermore, given the language of the estoppel agreement, it appears that NFI will not be impaired or impeded from protecting its interest, and the remaining parties will not be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. *See* Fed.R. Civ. P. 19(a). Thus, this Court finds that Nutrition Formulators is not an indispensable party.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint for Failure to Join Indispensable Party [D.E. 8] is **DENIED.**