**EARL A. BARROWS, Appellee**

v.

**RUTH A. BARROWS, Appellant**

No. 73-1175

United States Court of Appeals

Third Circuit

Submitted December 6, 1973

Filed January 2, 1974

RAYMOND C. CONNELL, ESQ. (CONNELL & CONNELL), Montclair, N.J., *for appellant*

JOHN B. NICHOLS, ESQ. (NICHOLS & SILVERLIGHT), St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, and MARIS and WEIS, *Circuit Judges*

## OPINION OF THE COURT

By MARIS, *Circuit Judge*

In this case the plaintiff husband brought suit in the District Court of the Virgin Islands against his wife, the defendant, for absolute divorce on the ground of incompatibility of temperament. The defendant wife was personally served in the Virgin Islands and filed an answer admitting the incompatibility and later a counterclaim for absolute divorce on the same ground and for an award of alimony in the sum of $550.00 per month. The district court after a hearing at which the defendant was present and represented by counsel granted a decree of absolute divorce and awarded the defendant alimony in the sum of $300.00 per month only. From the award of alimony the defendant has appealed on two grounds. The first is that the award fails to treat as res adjudicata and give full faith and credit to a prior judgment of the Superior Court of New Jersey in a suit brought by her against her husband for her separate support and maintenance which judgment awarded her $550.00 per month on that account. And the second is that the award of the district court is in any event grossly inadequate for her needs.

We consider first the question of whether full faith and credit and the effect of res adjudicata should have been given by the district court to the New Jersey award in determining the amount of alimony to be awarded to the defendant in the present case. The New Jersey action was for separate maintenance and support of the defendant, during her marriage to the plaintiff, to which she alleged she was entitled by reason of his abandonment of her in New Jersey. The plaintiff was personally served in New Jersey in that action and filed an answer therein. The

130

award of $550.00 per month for his wife's support accordingly was binding upon the plaintiff personally. But under New Jersey law such an award merely determined the obligation of the husband for the support of his abandoned wife and accordingly continued in force only so long as the relationship of husband and wife existed. *Isserman v. Isserman*, 1952, 11 N.J. 106, 93 A.2d 571. Upon the entry of a decree of absolute divorce which is binding upon the defendant, as was the present decree, a prior award for separate maintenance ceases to have any further validity, at least to the extent that it is in conflict with an award of alimony made by or in connection with the divorce decree.

As the Supreme Court of New Jersey said in the *Isserman* case [11 N.J. p. 115, 93 A.2d p. 575]:

"There is a distinction between support and maintenance or alimony pendente lite, and alimony allowed in a final judgment for divorce a vinculo. The former is the duty of support owed by the husband to the wife during such time as they were legally separated during the existence of the marital relationship. Alimony in its technical sense in this State is purely statutory and is an expression of the continuing duty of support which a husband owes his wife, and of which he is not permitted to absolve himself by his own misconduct, although that misconduct brings about the dissolution of the marriage. Lynde v. Lynde, 64 N.J. Eq. 736, at 751 (E. & A. 1902).

"Thus the appellant in this case had the right to choose between relying on her maintenance decree in this State and her cause of action for divorce for desertion with its incidental right of alimony, or contesting her husband's action for divorce in all particulars before the Nevada court. Having done so and the decision having gone against her on the merits both as to the right of her husband to a divorce and her right to alimony, she placed herself in a position where her existing decree of maintenance ceases to have any res adjudicata effect with respect to her husband's duty for support. Her position is no better under the full faith and credit clause, under all the circumstances, than her position would have been in this State if her husband had prevailed in a counteraction against her for divorce."

■ Alimony upon divorce in the Virgin Islands is also purely statutory. Under 16 V.I.C. § 109(3) the district court, upon dissolving a marriage, may provide for the recovery "from the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other". It is true that we have held that in the Virgin Islands in a suit for divorce on the ground of incompatibility of temperament, fault is ordinarily not an issue since neither incompatible party can be said to be at fault in the usual sense. Burch v. Burch, 3d Cir. 1952, 2 V.I. 559, 573–574, 578–579, 195 F.2d 799, 807–808, 810. But we have also held that in the sense used in the alimony statute, 16 V.I.C. § 109(3), both parties to such an action are at fault to the extent that the incompatibility of each has deprived the other of a normal marital relationship and that, accordingly, under the statute, the district court has authority to require a party who is at fault in this sense to contribute to the maintenance of the other party, if it is just, equitable and in the public interest for him or her to do so, even though the other party is also at fault in the same sense. "Whether an award of alimony shall be made, as well as the amount to be awarded, is within the discretion of the court, having regard to the conduct of both parties, the amount of property of each and all the other circumstances of the case." Burch v. Burch, 3d Cir. 1952, 2 V.I. 559, 582, 195 F.2d 799, 812.

We are satisfied that the district court did not err in declining to treat the maintenance order of the Superior Court of New Jersey as *res adjudicata* or in failing to give it full faith and credit in the present case. We have examined the cases upon which the defendant relies, but find them distinguishable on their facts. No useful purpose would be served by discussing them here.

The defendant also contends that the amount of the award of alimony made by the district court is grossly inadequate for her needs. In determining the amount of alimony to be awarded in connection with a divorce decree 16 V.I.C. § 109(3) confers a wide discretion upon the district court. The factors to be taken into account in determining the amount which a divorced husband ought fairly to contribute toward the maintenance of a former wife are not necessarily the same as the factors which should be taken into account in determining the amount which a husband should pay to fulfill his obligation to support his present wife. Our examination of the record satisfies us that the amount of the district court's award of alimony was not so inadequate as to constitute an abuse of discretion.

The decree of the district court will be affirmed.