**HENRY J. COMAN, Appellant**

v.

**SYLVIA R. COMAN, Appellee**

No. 73-1569

United States Court of Appeals

Third Circuit

Argued December 17, 1973

Filed February 21, 1974

HAROLD CRAMER, ESQ. (MESIROV, GELMAN, JAFFE & LEVIN), Philadelphia, Pennsylvania, *for appellant*

D. H. ROBINSON, ESQ. (ROBINSON, RECTENWALD, TACKETT & DEMOSS), Louisville, Kentucky, *for appellee*

Before VAN DUSEN, ALDISERT and ROSENN, *Circuit Judges*

### OPINION OF THE COURT

ALDISERT, *Circuit Judge*

This appeal by the former husband from an alimony award authorized under the Virgin Islands Code presents questions whether an alimony claim should be dismissed for failure to join indispensable parties, whether the district court's decree should be modified to include provisions protective of the husband and absent persons, and whether the district court abused its discretion in awarding alimony in gross instead of utilizing a trustee to make installment payments to the former wife.[1]

The court granted the parties "a divorce absolute, each from the other," awarded lump sum alimony of $200,000.00 to the former wife, annual child support in the amount of $3,000.00 for both children commencing September 1, 1973, and an additional $200.00 per month for each of the two children as of May 1, 1973.

"Alimony upon divorce in the Virgin Islands is . . . purely statutory. Under 16 V.I.C. § 109(3) the district

---

[1] Under the Virgin Islands Code the court may decree an amount "in gross or in installments . . . for such party to contribute to the maintenance of the other," 16 V.I.C. § 109(3), or may appoint a trustee or "trustees to collect, receive, expand, manage, or invest . . . any sum of money adjudged for the maintenance of the wife. . . ." 16 V.I.C. § 109(5).

court, upon dissolving a marriage, may provide for the recovery 'from the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other.' " *Barrows v. Barrows*, 489 F.2d 661, No. 73-1175 (3d Cir., Jan. 2, 1974). Our review will therefore follow the parameters outlined by statute and the appropriate procedural rules.

## I.

■ Distilled to its essence, appellant's first point suggests that the court erred somehow by not requiring the joinder of his brother, Morris Cohen, and his sister, Rebecca Knapp, as indispensable parties to his divorce action. Although we confess to a lack of certainty as to how a joinder of a husband's brother and sister could be effected in a divorce proceeding,[2] we have decided to meet the merits of the contention. Chief Judge Christian has described the background of this issue:

The chasm which divides the litigants in their prayers for relief is the significance of certain assets, primarily securities, held in the names of Rebecca Knapp, plaintiff's sister, Morris Cohen, his brother, and the children of the parties, Stacie and Sari (or in plaintiff's name on their behalf). As to the extensive holdings in the names of Knapp and Cohen, Mrs. Coman charges that they are in actuality the property of her husband, who has always managed, possessed, and received the dividends from these shares to the total exclusion of the record title holders. The evidence adduced tends to bear her out in this respect. Plaintiff, on the other hand, denies ownership, characterizing himself as a mere representative or manager for his siblings, entirely without beneficial interest in such securities.

---

[2] Although plaintiff-appellant did not attempt the novel joinder of additional parties in the district court, he is not precluded from raising the issue on appeal. In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968), we raised the indispensable party issue sua sponte when the appeal was before us. 365 F.2d 802, 805 (3d Cir. 1966).

The court heard testimony from plaintiff and defendant and had the depositions of plaintiff's brother Joseph and his sister Rebecca, and concluded that plaintiff "exhibited every incident of ownership which the law recognizes over the securities, except paper title, 42 AM. JUR. § 40, 41. In this respect, Knapp and Cohen were totally ignorant of the securities, in what they consisted, their number or value, and . . . neither received any income from them." It found "that plaintiff . . . [was] the beneficial owner of the securities held under the names of Rebecca Knapp and Morris Cohen," concluding that this finding "[did] not, of course, bind them," but that it was "justified in proceeding [upon the finding] for purposes of fixing alimony and child support." Because the court found appellant to be the beneficial owner of the securities, he argues that his brother and sister, holders of the legal title, should have been named as indispensable parties to the divorce proceedings under the provisions of F.R.C.P. 19; 5 V.I.C. App. I R19 (1966).[3]

---

[3] Rule 19.
*Joinder of Persons Needed for Just Adjudication.*
 (a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 (b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence

■ Although appellant frames this first issue in terms of indispensability, he seeks not to have the absent persons joined but rather to have the district court's decree modified to include provisions protective of him and those absent persons. Appellant fails to understand the meaning of "indispensable." "Whether a person is 'indispensable,' *that is, whether a particular lawsuit must be dismissed in the absence of that person,* can only be determined in the context of a particular litigation." Provident Tradesmens *Bank & Trust Co. v. Patterson, supra,* 390 U.S. at 118 (Emphasis supplied) (Footnote omitted). Therefore, if we conclude that appellant's brother and sister are indispensable parties, then the alimony claim must be dismissed. If, however, modification of the court's decree is appropriate, we need not remand but can "require suitable modification as a condition of affirmance." Ibid., at 112.

Haas v. Jefferson National Bank, 442 F.2d 394, 398–399 (5th Cir. 1971), set forth the distinction between 19(a) *Persons to be Joined if Feasible,* and 19(b) *Determination by Court Whenever Joinder not Feasible.* Strictly speaking, we may not consider the criteria of Rule 19(a) because neither Cohen nor Knapp are persons "subject to service of process." They reside in New York, more than 100 miles from the place where the action was commenced, and are therefore not amenable to service of process. F.R.C.P. 4f; 5 V.I.C. App. I.R. 4f (1966).

This, however, does not end the matter. As in Haas where the action proceeded in the district court in Florida and the person sought to be joined lived in Cleveland, Ohio, it becomes necessary to apply the provisions of Rule 19(b) and the specific factors enumerated therein.

---

will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

. . .

The Federal Rules of Civil Procedure are made applicable to the District Court of the Virgin Islands by Section 25 of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1615 (1954).

■ First, we must consider "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties. . . ." The district court specifically stated that "any decision by this Court on the ownership of these securities would not be res judicata as to the non-parties. . . ."[4] We are mindful that this does not end our inquiry into the potential prejudice to absent persons, Haas v. Jefferson National Bank, supra, 442 F.2d at 399, n.6. Nevertheless, there are sound reasons for concluding that any prejudice to appellant's brother and sister is trivial. The district court's finding of beneficial ownership was merely one "upon which . . . [it felt] justified in processing for *the purposes of fixing alimony and child support.*" (Emphasis supplied). Mrs. Coman was not declared the owner of any interest in the securities nor was Mr. Coman ordered to convey any or all of the securities to her. Rather, the court was simply determining appellant's assets for the purpose of establishing his ability to pay alimony and child support. We fail to perceive how such a limited finding—limited as to effect and purpose—prejudices the rights of appellant's brother and sister. Indeed, the attorney for Rebecca Knapp, in proceedings before the United States District Court for the Eastern District of

---

[4] For res judicata operates only to bar "repetitious suits involving the same cause of action. [The bar] rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for the purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48." Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).

Sea-Land Services, Inc. v. Gaudet, 411 U.S. 963 (42 U.S.L.W. 4168, 4170, January 21, 1974).

New York,[5] filed an affidavit in support of a motion to dismiss in which he stated:

12. The complaint shows that Mrs. Coman has a great deal of knowledge with respect to the securities, as can be seen from the schedule attached to the complaint. Such knowledge was secured through the discovery proceedings held in the Virgin Islands divorce suit. Mr. Coman was examined, as was Mrs. Knapp, and I am informed, Mr. Cohen, brother of Mr. Coman. *Obviously, the sole purpose of such discovery proceedings would be to establish Mr. Coman's capacity to pay alimony, if the District Court in the Virgin Islands should decide to award any.*

Post-Trial Brief of Defendant with Attachments, filed April 27, 1972, in Coman v. Coman, Civil No. 326-1969 (Div. St. Croix, April 30, 1973).

Moreover, a review of the proceedings in the Virgin Islands persuades us that appellant was unable to construct a convincing case that he was not the beneficial owner of the securities. Rejected by the Virgin Islands court was appellant's argument that the securities in the names of Knapp and Cohen were derived in one of two ways: by gift from their parents or by purchase from re-invested dividends from the original gift shares. Rebecca's testimony received by deposition was summarized by the fact finder: "Rebecca Knapp testified in her deposition that she had no knowledge as to what she may have inherited from either parent, and she particularly indicated that she knew nothing of any stocks in her father's estate. . . . She was aware of stocks held in her name

[5] Sylvia R. Coman v. Rebecca Knapp, Morris Cohen, and Arkay Properties, Inc., No. 71 Civ. 1192-JM (E.D. N.Y., Dec. 3, 1971), an action brought by Mrs. Coman against the legal title holders of the securities. The case was discontinued on December 3, 1971, without prejudice and without costs to either party. A joint stipulation was entered into by the parties at the request of the plaintiff, Sylvia Coman, with the consent of the defendants Rebecca Knapp, Morris Cohen and Arkay Properties, Inc. We take judicial notice of these matters of record in the District Court for the Eastern District of New York. Moore v. United States, 432 F.2d 730, 736, n.21 (3d Cir. 1970); Zahn v. Transamerica, 162 F.2d 36, 48, n.20 (3d Cir. 1947).

which were in Coman's custody but she testified she had never had any such certificates in her own possession. . . ." Plaintiff testified that his brother Morris Cohen knew nothing about the stocks in his (Cohen's) name because Morris was "wholly incapable of handling money matters and therefore . . . [their brother Joseph Cohen] was the one who handled everything for him." However, Joseph testified by deposition that he knew of no stock dealings on Morris' part beyond one unsuccessful effort to follow a neighbor's "tip." Joseph further testified that he believed his mother died intestate, that he received nothing from her estate, and that he and Morris Cohen received the proceeds of a $2,000 life insurance policy, and nothing more, from his father's estate. Morris Cohen's annual income approximates $5,200.00; Mrs. Knapp is unemployed. By deposition her husband reported that his earnings have never been invested in securities. The district court's finding that neither Knapp nor Cohen could have bought the securities is well-supported and uncontested on appeal.

In sum, after an independent examination of the record, we are not persuaded that the beneficial ownership conclusion reached by the district court, rendered in the absence of Coman's brother and sister as parties, amounted to an overriding prejudice to Mr. Coman or to his brother and sister. Although not parties, Mrs. Knapp testified by deposition and Morris Cohen's observations were introduced through the plaintiff's testimony and that of the brother Joseph Cohen. Although we cannot be certain, we are hard put to contemplate what evidence would have been produced in any court which was not presented in the Virgin Islands. At best, we can say that appellant is exposed to a remote potential for prejudice.

We turn now to the second factor, "the extent to which, by protective provisions in the judgment, by the

shaping of relief, or other measures, the prejudice can be lessened or avoided." It would seem that appellant can persuasively argue that any potential prejudice to him was not lessened or avoided in the alimony decree. However, as we have pointed out, any potential prejudice to appellant or his sister and brother is so trivial we are unwilling to condition affirmance upon the addition of "protective" provisions.

The third factor to be considered is "whether a judgment rendered in the person's absence will be adequate." In this case, the alimony and support decree was adequate without joinder of appellant's sister and brother. The fourth and final factor we deem to be very critical to our decision: "whether . . . [Mrs. Coman] will have an adequate remedy if the [alimony] action is dismissed for nonjoinder." The brute fact is that the Virgin Islands is the only jurisdiction where the wife may proceed for alimony qua alimony. The Virgin Islands divorce decree itself has not been challenged by either party. It was the husband-appellant who chose the Virgin Islands forum to obtain the divorce. Having chosen this forum to obtain his divorce, he may not deprive his wife of the opportunity of obtaining the benefits allowed by that forum. He cannot have the best of two worlds. He may not invoke Virgin Islands jurisdiction to shed himself of his wife and deny to her the rights and privileges afforded by that jurisdiction. We hold that Mrs. Coman would not have an adequate remedy if the alimony claim were dismissed for nonjoinder.

Evaluating the four factors in Rule 19(b) we cannot hold the brother and sister to be indispensable parties under Rule 19(b). To so consider them as indispensable parties would require a dismissal of the alimony claim. Under the "equity and good conscience" test, Provident Tradesmens Bank & Trust Co. v. Patterson, supra, 390

151

U.S. at 109, we will not deny appellee a forum to present her alimony claim.[6]

## II.

We now consider whether the district court abused its discretion in awarding the alimony in gross, 16 V.I.C. § 109(3), instead of appointing a trustee to make installment payments as directed by the court. 16 V.I.C. § 109(5). We have previously formulated standards for awarding alimony: "Whether an award of alimony shall be made, as well as the amount to be awarded, is within the discretion of the court, having regard to the conduct of both parties, the amount of property of each, and all the other circumstances of the case." Burch v. Burch, 195 F.2d 799, 812 (3d Cir. 1952) (Footnote omitted).[7] "It is the circumstances surrounding the parties, the wife's necessities, and the husband's financial ability, the physical condition of the parties, the nature of their life together, and in these modern times the wife's independence and ability to earn her own way, which must all be considered by the court in the exercise of its discretion in awarding or denying alimony." Poe v. Poe, 409 F.2d 40, 43 (3d Cir. 1969).

Ostensibly, at issue here is not the amount of the $200,000.00 award. Appellant states: "For purposes of this argument the husband does not dispute the amount of the alimony award. . . ." Rather he contends that using the device of a "gross" amount instead of a trust is "clearly erroneous," citing Del Peschio v. Del Peschio, supra, 356 F.2d at 404.[8] Appellant mistakes the appropriate standard

---

[6] Cf., Haas v. Jefferson National Bank, supra, 442 F.2d at 400, where the court found that the plaintiff had another forum to adjudicate his rights against the non-party.

[7] See also, Del Peschio v. Del Peschio, 356 F.2d 402, 406 (3d Cir. 1966).

[8] The "clearly erroneous" test was applied in Del Peschio to factual findings as to incompatibility of temperament.

of review. Having stated in Burch that "the amount to be awarded, is within the discretion of the court," we have set forth the standard for the trial court. The responsibility of the reviewing court is to affirm the amount and terms of the award unless an abuse of discretion is found.

It would seem that appellant wants to have it both ways. Initially, he argues that the amount of alimony is not in issue, then he contends that a reversionary trust[9] should have been imposed so that in the event appellee remarried or died, the corpus or the balance thereof would revert to him.[10] This trust alternative clearly affects the ultimate amount of the award. Indeed, we conclude that the thrust of appellant's trustee argument, stripped of persiflage, is an attempt to bring about a reduction in the sum upon the happening of a condition subsequent, her remarriage or death. While appellant intones solemnly that he does not quarrel with the amount of the award, the reality is that precisely what he seeks is a device which may in fact reduce the amount of this award.

█ We think it clear that the court intended to bestow upon the wife a lump sum amount for alimony—whether she remarried or stayed single. The court had the choice of ordering installment payments, but reasoned that a gross award was indicated because "there is evidence that the husband may be inclined to obscure or dissipate his estate." Appellant does not dispute the district court's reasoning; he

---

[9] 16 V.I.C. § 109(5) empowers the court to appoint "one or more trustees to collect, receive, expand, manage, or invest, in such manner as the court shall direct, any sum of money adjudged for the maintenance of the wife. . . ." At best, the express language of the statutory trust provision describes a trust on a sum certain, "any sum of money adjudged for the maintenance of the wife. . . ." We do not indicate that authority for a reversionary trust could not be implied from statutory language. We note simply the absence of express language authorizing it.

[10] At oral argument his counsel also suggested a trust wherein the corpus would revert to the children. This suggestion overlooks the reality that the financial aspects of this divorce decree took two separate routes: one, an award to the wife, and two, a separate award to the children. To commingle the awards now would be to flout the clear language of the decree and the basic schema of the court's adjudication.

merely asserts that the appointment of a trustee would be more appropriate. We are not convinced that the district court abused its discretion in awarding alimony in gross.

We have considered all of appellant's contentions and find them to be without merit.[11]

The judgment and decree of the District Court of the Virgin Islands will be affirmed.

---

[11] Appellant's additional argument that there was no evidence to support the award to the children is rejected as frivolous.