**GRS DEVELOPMENT CO., IAN SAMUEL, Plaintiffs**
**v.**
**JOAN E. JARRETT, Defendant and Third-Party Plaintiff**
**v.**
**UBALDINA SIMMONS, Third-Party Defendant**

Civil No. 596/2001

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

April 10, 2003

212

NANCY D'ANNA, ESQ., St. John, VI, *Attorney for Plaintiff, Attorney for Third-Party Defendant*

ANNA H. PAIEWONSKY, ESQ., The Handy Legal Group, St. Thomas, VI, *Attorney for Defendant and Third-Party Plaintiff*

HODGE, *Judge*

## MEMORANDUM OPINION

(April 10, 2003)

This case comes before the Court on Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Defendant's Motion to Deem Conceded, pursuant to Rule 7.1(j) of the Local Rules of Civil Procedure of the District Court of the Virgin Islands; Plaintiff's "Opposition to Motion to Deem as Conceded and Request for an Extension of Time, Etc.," pursuant to Rule 10 of the Rules Governing the Territorial Court of the Virgin Islands; and Defendant's "Motion to Strike Plaintiff's Response to the Motion to Dismiss, Etc."[1] As Defendant's Motion to Dismiss refers to matters outside of the pleadings, the Court must treat this as a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, all of the foregoing motions shall be denied.

---

[1] Both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the District Court of the Virgin Islands are made applicable to this Court, to the extent that they are not inconsistent with local law. TERR. CT. R. 7.

213

## FACTS

GRS Development Company and Ian Samuel ("Samuel") allege that Defendant and Third-Party Plaintiff Joan E. Jarrett ("Jarrett") trespassed upon their property by constructing a driveway that infringes on Plaintiffs' property line. GRS Development Company is a corporation originally formed by several family members in order to manage their real property, including Parcel No. 14G, Estate Enighed, St. John, United States Virgin Islands. Jarrett is the record owner of Parcel No. 14F, Estate Enighed. Samuel alleges that the construction of Jarrett's driveway in July 1980 encroached onto Parcel No. 14G. Samuel further alleges that Jarrett has refused to remedy this alleged encroachment. However, Jarrett states that she is the lawful owner of the property upon which the driveway was built. Furthermore, Jarrett claims to have used this property continuously since 1980 to access her home and rental units, all of which are located on Parcel No. 14F.

The procedural history of this case is complicated. Jarrett filed her Motion to Dismiss pursuant to various provisions of Federal Rule of Civil Procedure 12(b) on September 30, 2002. On October 1, this Court ordered Plaintiff to respond to such motion within twenty days. Samuel failed to do so, and on October 23, Jarrett filed a motion under the Local Rules of Civil Procedure to deem her motion to dismiss conceded. However, on November 6, Samuel filed an opposition to Jarrett's Motion to Deem Conceded and requested an enlargement of time within which to respond to Jarrett's Motion to Dismiss. In the motion for enlargement of time, Samuel's counsel stated that her busy practice "limited" her ability to prepare a response to Jarrett's Motion to Dismiss. Samuel filed his response to Jarrett's Motion to Dismiss on November 12. Subsequently, Jarrett filed a "Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss," pursuant to Federal Rule of Civil Procedure 12(f), as Samuel had filed his untimely response before the Court had made a ruling on Plaintiff's motion for an enlargement of time. Each of these motions shall be addressed in turn.

## DISCUSSION

### 1. Defendant's Motion to Dismiss, Construed as a Motion for Summary Judgment

■ As an initial matter, Jarrett's Motion to Dismiss for failure to state a claim upon which relief can be granted refers to matters outside of the pleadings. As the Court has accepted and considered the documents submitted by Jarrett, the Motion to Dismiss is converted into a Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Ferris v. V.I. Indus. Gases*, 23 V.I. 183, 186 (D.V.I. 1987). As a result, this Memorandum Opinion will refer to Jarrett's motion as a Motion for Summary Judgment, with all references to related filings denominated accordingly.

### 2. Defendant's Motion to Deem Conceded

■ Jarrett submits a motion to deem conceded her Motion for Summary Judgment, pursuant to Local Rule of Civil Procedure 7.1. Rule 7.1 provides that "[u]pon failure of [a] respondent to file a response and brief in opposition to [a] motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion." L.R. CIV. P. 7.1(j). This rule alone, however, is not an adequate basis upon which to grant a motion for summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.3d 168, 175 (3d Cir. 1990) (rejecting a motion to deem conceded a motion for summary judgment). A court first must determine whether the moving party is entitled to summary judgment as a matter of law. *Id.* Furthermore, the plain language of the rule states that it is within the discretion of the court whether to deem a motion conceded. *See* L.R. CIV. P. 7.1(j) ("[T]he court *may* treat the motion as conceded ... ." (emphasis added)). Thus, a moving party is not entitled to have its outstanding motions deemed conceded as a matter of right. Consequently, rather than mechanically granting relief on procedural grounds, this Court has an obligation to assess the merits of Jarrett's motion and the circumstances under which Jarrett's motion arose.

215

The Rules Governing the Territorial Court of the Virgin Islands provide as follows:

> When an act is required or allowed to be done at or within a specified time—
>
> (a) The court for cause shown may at any time in its discretion:
>
> (1) With or without notice, order the period enlarged if application therefore is made *before the expiration of the period originally prescribed* or as extended by a previous order of the court.
>
> (2) On motion, permit the act to be done after the expiration of the specified period if the failure to act was the result *of excusable neglect.*

TERR. CT. R. 10 (emphasis added). A moving party must show more than merely being "too busy" to have responded. *Kansas Packing Co. v. Lavilla*, 39 V.I. 71 (Terr. Ct. St. T. & St. J. 1998) (stating that being an extremely busy attorney qualified as "cause shown" but does not qualify as excusable neglect as required by TERR. CT. R. 10(a)(2)).

■ In this case, it is beyond dispute that Samuel's motion for an enlargement of time was untimely. Rule 10(a)(1) provides that such motions must be filed before the expiration of time originally prescribed or as ordered by the Court. Samuel's response to Jarrett's Motion for Summary Judgment was due on or before October 21, 2002. However, Samuel did not file his motion for an enlargement of time until November 2. Furthermore, Samuel's attorney offers only the excuse of her hectic private practice as justification for her untimeliness in responding to Jarrett's motion. Thus, the timing of Samuel's motion for an enlargement of time and the reason for such request clearly do not conform to the requirements of Territorial Court Rule 10, and therefore, the motion shall be denied.

## 3. Defendant's Motion to Strike Plaintiff's Response to Motion for Summary Judgment

■ As noted, Samuel filed a response to Jarrett's Motion for Summary Judgment on November 12, 2002, in spite of the fact that the Court had

not granted an enlargement of time within which to file such response. Jarrett then filed a motion pursuant to Federal Rule of Civil Procedure 12(f) to strike Samuel's untimely response on November 20. "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under the Federal Rules, however, a response to a motion for summary judgment does not qualify as a pleading. *See* FED. R. CIV. P. 7(a) (defining a pleading as a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, in some circumstances, a reply to an answer or third-party answer). Thus, because Samuel's response to Jarrett's Motion for Summary Judgment is not a pleading, neither it nor its contents are amenable to being struck from the record. *Cf. Phinney v. Paulshock*, 181 F.R.D. 185, 207 (D.N.H. 1998) (concluding that Rule 12(f) cannot be used to strike a motion for sanctions). Therefore, Jarrett's motion to strike must be denied.

### 4. Plaintiff's Response to Defendant's Motion for Summary Judgment

Having denied Samuel's motion for an enlargement of time to file a response to Jarrett's Motion for Summary Judgment, but also having denied Jarrett's motion to strike Samuel's response, this Court must decide whether to consider Samuel's illegitimate response. The matter is further complicated by the dispositive nature of Jarrett's Motion for Summary Judgment. If this Court disregards Samuel's untimely response to Jarrett's Motion for Summary Judgment as a sanction for Samuel's tardiness, the result would amount to a dismissal by default in favor of Jarrett based solely upon Jarrett's "uncontested" summary judgment motion.

In *Anchorage Associates v. Virgin Islands Board of Tax Review*, cited above, the United States Court of Appeals for the Third Circuit confronted a situation where a trial court granted the plaintiff's motion for summary judgment after the defendant failed to respond to the plaintiff's motion and showed no inclination to do so. 922 F.2d at 172. On appeal, the defendant challenged, *inter alia*, the trial court's refusal to conduct a so-called *Poulis* analysis. *Id.* at 171. A *Poulis* analysis derives from *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.

217

1984), wherein the Third Circuit considered the use of dismissal as a sanction for failure to comply with discovery orders. Noting the severity of dismissal as a sanction, the Third Circuit articulated six factors that a trial court should take into account before resorting to dismissal:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis in original omitted). In later cases, the Third Circuit approved the use of the *Poulis* factors in cases involving discovery sanctions under Rule 37(b)(2), involuntary dismissal as a sanction for a failure to prosecute pursuant to Rule 41(b), and default judgment as a sanction for a failure to plead or otherwise defend under Rule 55(b). *Anchorage Assocs.*, 922 F.2d at 177. Similarly, the District Court of the Virgin Islands has applied the principles of *Poulis* to appraise the use of dismissal as a sanction for dilatory behavior under Rule 41(b), *Andrews v. Gov't*, 25 V.I. 284, 293-94, 132 F.R.D. 405, 411 (D.V.I. 1990) (ultimately granting dismissal with prejudice), and discovery misconduct under Rule 37, *In re Tutu Wells Contamination Litig.*, 31 V.I. 250, 299-309, 162 F.R.D. 46, 73-76 (D.V.I. 1995) (finding dismissal to be a valid punitive option). The District Court also considered the *Poulis* factors in fashioning an unused sanction pursuant to a party's request for an equitable accounting. *Gov't Guarantee Fund of Rep. of Finland v. Hyatt Corp.*, 38 V.I. 431, 442 n.10, 5 F. Supp. 2d 324, 330 (D.V.I. 1998).

Ultimately, the Third Circuit concluded in *Anchorage Associates* that a grant of summary judgment was not a sanction for the defendant's failure to submit an opposition to the plaintiff's summary judgment motion, but was based upon the merits of the plaintiff's summary judgment motion. 922 F.2d at 178. The Third Circuit reasoned as follows:

> Rule 56 specifies in detail what the moving party must do to demonstrate its entitlement to relief. When such a demonstration

has been made and there is no response, the rule specifies what the court must do. It does not require that the court initiate its own investigation into the background of the failure to respond.

*Id.* Thus, "if a motion for summary judgment is filed in a court with a local rule [to deem conceded] and the opponent fails to respond, a [trial] court *may* process the motion in accordance with Rule 56 without . . . conducting an inquiry into the *Poulis* factors." *Id.* (emphasis added). Therefore, where dismissal amounts to the non-punitive exercise of the trial court's authority to grant a meritorious motion for summary judgment, a *Poulis* analysis is not required. *Id.* at 176.

This case, though, has evolved under different circumstances than those in *Anchorage Associates*. First, the defendant in *Anchorage Associates* had established an impressive history of recalcitrant and dilatory behavior. *Id.* at 171-72. This is in stark contrast to Samuel's behavior, where plaintiff's counsel immediately filed an explanation for her tardiness and forwarded a responsive motion in short order. These facts take this case outside the holding of *Anchorage Associates*, which was premised upon the failure of the opposing party to file any response to a meritorious motion for summary judgment. Furthermore, the Third Circuit's holding in *Anchorage Associates* did not mandate that summary judgment should follow an opposing party's failure to contest a meritorious summary judgment motion. The Third Circuit's use of the voluntary "may" as opposed to the obligatory "shall" or "must" strongly suggests that the Court of Appeals purposely left the question of whether to grant summary judgment under these circumstances to the discretion of the trial court. Thus, a trial court has some latitude in crafting an appropriate disposition, even where an opposing party fails to file any response at all. Under the circumstances of this case, where the opposing party in fact did file a response to the motion for summary judgment, albeit late, the discretionary language of *Anchorage Associates* should be accorded greater deference.

Normally, the appropriate sanction for an opposing party's tardiness would be the Court's refusal to consider any untimely response, not the dismissal of the underlying action. Dismissal as a sanction is a harsh remedy that should not be imposed lightly, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and it is not suited to situations involving rare lapses in a party's attention to filing deadlines. Paradoxically, however,

even this less severe sanction will lead ineluctably to the dismissal of Samuel's suit just as surely as if Samuel had never responded to Jarrett's motion. As stated, the appropriate sanction for an untimely response to a valid motion is that the court ignores the response. If the court ignores the response, the motion will be granted, as long as the moving party is entitled to relief as a matter of law. In this case, the relief requested is summary judgment and dismissal. Thus, if the Court sanctions Samuel by refusing to consider his response, the case will be dismissed based upon the uncontested allegations of Jarrett's Motion for Summary Judgment.

■ Viewing the circumstances of the case in this light, the Court is inclined to consider the *Poulis* factors before imposing what would be, in effect, dismissal as an attenuated sanction for failing to file a response to a dispositive motion. It is evident that, although dismissal is not the sanction contemplated for Samuel's untimely response to a motion for summary judgment, dismissal will be the ultimate outcome of this Court's refusal to consider Samuel's untimely response. The Third Circuit sought to avoid precisely this kind of reflexive and perfunctory disposition of cases when it crafted the *Poulis* factors. Indeed, case law demonstrates a preference for the disposition of cases on their merits, not dismissal on technicalities. *See, e.g., Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("[C]ourts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits[.]"). Therefore, before acceding to the dismissal of Samuel's underlying complaint, the Court is obliged to consider the *Poulis* factors. A *Poulis* analysis is left to the sound discretion of the trial court. *Mindek*, 964 F.2d at 1373. An examination of the *Poulis* factors amounts to a balancing test, with no single factor being dispositive. Courts must make explicit factual findings with respect to each of the factors. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992). "[D]oubts should be resolved in favor of reaching a decision on the merits[.]" *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).

First, Plaintiff's counsel has conceded that the delay was on her part, not on Samuel's part. The Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." *Adams*, 29 F.3d at 873. Courts, therefore, should "look to whether the party bears personal responsibility

for the action or inaction which led to the dismissal." *Id.* In this case, Plaintiff's counsel makes it clear that the blame for Samuel's failure to respond to Jarrett's summary judgment motion lies entirely with counsel. Thus, the Court is disposed against holding Samuel personally responsible for the lack of a response to Jarrett's motion.

Second, although "prejudice to an adversary would bear substantial weight in support of a dismissal[,] ... [p]rejudice need not be irremediable harm that could not be alleviated by" corrective efforts of the court. *Id.* at 873-74 (internal punctuation omitted). Examining this factor in light of a motion for summary judgment, it is clear that Jarrett has suffered little, if any, prejudice due to Samuel's tardiness in submitting his response. In any event, "such prejudice, if it exists, would be ... appropriately addressed by more modest sanctions than dismissal." *Id.* at 874.

Third, evidence of a party's dilatory behavior must demonstrate "a pattern of deliberate dilatory action," as opposed to mere sloppiness or lateness. *Id.* at 874-75. "Furthermore, a party's problematic acts must be evaluated in light of its behavior over the life of the case" and not limited simply to a single incident. *Id.* at 875. Without a finding of bad faith on the part of the delinquent party, dismissal as a sanction would be inappropriate. *Estate of Spear v. C.I.R.*, 41 F.3d 103, 112 (3d Cir. 1994). Viewed in this light, Samuel's actions to date in this matter, including his failure to file a timely response to Jarrett's summary judgment motion, do not suggest a history of dilatoriness or a pattern of deliberate behavior that offends the sensibilities of the Court.

Fourth, "in evaluating a dismissal, [a] court looks for the type of willful or contumacious behavior [that may be] characterized as flagrant bad faith[.]" *Adams*, 29 F.3d at 875. Negligent or tardy behavior in the filing of papers with the court, in and of itself, is not enough to show the type of willfully contumacious behavior that would be worthy of dismissal. *Scarborough*, 747 F.2d at 875. Consequently, the failure of Plaintiff's counsel to file a response appears to stem from a breakdown in counsel's office procedure, not from any willfulness or bad faith on counsel's part.

Fifth, courts are urged to consider alternative sanctions as a first resort rather than relying on the procrustean remedy of dismissal. *Adams*, 29 F.3d at 876. If milder sanctions fail to alter a party's intransigent behavior, a court always can consider dismissal at a later time. *Id.* In this

case, it appears that a better sanction for Samuel's tardiness would take the form of costs that Jarrett incurred as a result of her challenge to Samuel's untimely response. Should Samuel persist in behavior that merits further action, the Court is free to consider dismissal as a sanction.

Sixth, the burden imposed upon a party with respect to the existence of a meritorious claim is a light one. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* In his response, Samuel challenges Jarrett's factual recitation concerning the expansion of the driveway, thereby suggesting that factual issues remain in dispute. If genuine issues of material facts remain in dispute, a court cannot grant a motion for summary judgment. *See* FED. R. CIV. P. 56(c). Because Samuel's assertions may undermine Jarrett's summary judgment motion, they certainly meet *Poulis'* standard that a party's allegations merely "support" its theory of recovery or defense.

■ Accordingly, taking the *Poulis* factors and the interests of justice into consideration, this Court will exercise its discretion to consider Samuel's response. The Court, however, finds that the behavior by Samuel's counsel, though apparently inadvertent, should be subject to some form of reprimand. To that end, the Court will levy against Samuel the costs and attorney's fees that Jarrett incurred in challenging the timeliness of Samuel's response.

### 3.[sic] Defendant's Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Suid v. Phoenix Fire & Marine Ins. Co.*, 26 V.I. 223, 225 (D.V.I. 1991). (quoting FED. R. CIV. P. 56(e)) (internal quotations omitted). *See also*

*Skopbank v. Allen-Williams Corp.*, 39 V.I. 220, 227-28 (D.V.I. 1998) (stating that nonmoving party must provide evidence that is sufficiently probative and more than a colorable substantiation in support of its case). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The role of the court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute. *Suid*, 26 V.I. at 225. The nonmoving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts." *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 226 (D.V.I. 1994).

A survey of the record leaves little doubt that issues of material fact remain in dispute. As is the burden of a non-moving party in a motion for summary judgment, Samuel has answered Jarrett's claims with enough evidence that a jury reasonably could find in favor of the plaintiffs. With respect to Jarrett's invocation of the statute of limitations for tortious trespass to property, the Restatement of Torts[2] provides that, where the land has been encumbered by a structure erected by the tortfeasor, a cause of action remains as long as the structure remains. Specifically, an individual's "failure to remove from land in the possession of another a structure, chattel, or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and . . . confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass[.]"

---

[2] "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." V.I. CODE ANN. tit. 1, § 4.

RESTATEMENT (SECOND) OF TORTS § 161, cmt. b. *See also Hodge v. Bluebeard's Castle, Inc.*, 44 V.I. 242, 253-55 (Terr. Ct. St. T. & St. J. 2002) (Hodge, J.) (holding that, where there is a continuous tort, each tortious act is independently actionable and a cause of action accrues continually). This type of continuous trespass forms the basis of Samuel's complaint, and thus, the six-year statute of limitations for trespass to real property does not thwart Samuel's claim.

▪ Furthermore, with respect to Jarrett's counterclaim of adverse possession, Samuel offers the affidavit of Milton Samuel, who avers that Jarrett had permission to expand her driveway. This assertion eliminates the element of adversity, and thereby undermines Jarrett's contention that there is no debate on this issue of material fact. At this remove, it does not matter that Samuel offers no ironclad evidence of Milton Samuel's agency to speak for the plaintiff. The standard is that a nonmovant must offer evidence upon which a reasonable jury could find in his or her favor. Samuel has stated in his Complaint that Plaintiff GRS Development Company is comprised entirely of family members and operates to manage family property. Given that a court, when ruling on a motion for summary judgment, must resolve all inferences in favor of the non-moving party, it is reasonable to assume that Milton Samuel, as the father of Samuel, may well have had authority to speak for the plaintiff.

## 4. Joinder of Indispensable Parties

Finally, the Court is not persuaded by Jarrett's contention that Samuel, by not joining the owners of adjacent parcels, failed to join indispensable parties to this action. An indispensable party is one (1) without whom the court would be unable to accord relief to the existing parties, or (2) who claims an interest in the action and whose interest may be compromised or whose absence may result in inconsistent obligations among the existing parties. *See* FED. R. CIV. P. 19(a). If an indispensable party cannot be joined, the action must be dismissed. *Coman v. Coman*, 11 V.I. 143, 147, 492 F.2d 273, 276 (3d Cir. 1974).

▪ Samuel's claim focuses exclusively on the disputed boundary between Parcel Nos. 14F and 14G, Estate Enighed, St. John. Jarrett offers no evidence, beyond bald assertions, to suggest that the absence of the property owners who abut Parcel No. 14G (1) would deny complete relief to the parties, (2) would impair the ability of the property owners to protect their respective interests, or (3) would effect inconsistent

224

obligations on any of the named parties. *See* FED. R. CIV. P. 12(b)(7) & 19(a). Thus, having discovered no indispensable parties that are not part of this action already, the Court will deny Jarrett's summary judgment motion on this point as well.

## CONCLUSION

Although it is clear that Samuel's response to Jarrett's Motion to Dismiss, construed by the Court as a Motion for Summary Judgment, was untimely, it would be imprudent for this Court to dismiss this matter upon those grounds alone. Where the sanction for a minor infraction of court rules will lead to dismissal, this Court has a duty to inquire into the circumstances of that infraction and to determine whether dismissal is appropriate. The Court of Appeals for the Third Circuit has promulgated the *Poulis* standards for determining the propriety of dismissal as a sanction. This Court finds these standards to be applicable here. An examination of this case under *Poulis* reveals that, under these circumstances, a sanction that leads to the dismissal of the underlying suit would be inappropriate. A better sanction would be for Samuel to pay any legal expenses incurred by Jarrett in asserting her Motion to Deem Conceded.

Additionally, because Samuel's response contains facts that rebut Jarrett's arguments, the Court finds that the remaining unresolved factual matters render any consideration of summary judgment premature at this remove. Finally, the Court can discover no indispensable parties that have not been joined in this matter. Accordingly, Jarrett's Motion to Dismiss, construed as a Motion for Summary Judgment, will be denied in its entirety.