NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3364
_____

OTOS TECH CO., LTD.

v.

OGK AMERICA, INC.; YALE KIM, a/k/a Youngil Kim

v.

OTOS OPTICAL CO., LTD; MOON YOUNG HUH


Otos Tech Co., LTD;
Otos Optical Co., LTD;
Moon Young Huh,
                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-03-cv-01979)
District Judge:  Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2010

Before:  FISHER and COWEN, *Circuit Judges*, and DITTER,* *District Judge*.

(Filed: September 1, 2010)

---

*Honorable J. William Ditter, Jr., Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.4

_____

OPINION OF THE COURT
_____

DITTER, *District Judge.*

Otos Tech Co., Ltd., Otos Optical Co., Ltd., and Moon Young Huh (collectively, "Otos") appeal the District Court's order granting a turnover of funds to OGK America, Inc. and Yale Kim (collectively, "OGK") to satisfy a judgment in OGK's favor and denying Otos any setoff for a judgment in Otos' favor. The District Court found that a setoff based on Otos' judgment was inappropriate because Otos had obtained a duplicate judgment in the Republic of South Korea which made double recovery possible.

For the reasons stated herein, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This action arose from a business dispute between OGK and Otos. Pursuant to an oral agreement, OGK had acted as Otos' exclusive agent for the sale of welding helmets in the United States in exchange for commission payments. Claiming that OGK wrongfully withheld from Otos several checks from customers worth $587,775, Otos

2

filed this action against OGK for breach of contract, conversion, and embezzlement.[1]  In

response, OGK filed an answer and asserted counterclaims and a third party complaint for

breach of contract, breach of settlement agreement, and breach of the implied covenant of

good faith and fair dealing.  OGK contended that Otos wrongfully terminated their

agreement and that it had retained the checks as part of a settlement agreement.

Before a decision was reached in the District Court, Otos brought an action in the

Republic of Korea seeking to freeze Kim's assets based on his conversion of the checks,

and Kim counterclaimed based on the settlement agreement.  The Korean court entered

judgment in favor of Otos on both issues, and awarded Otos SK\$607,156,665[2] plus

interest.  OGK appealed the Korean judgment but before the appeal was decided, Otos

filed a motion in the District Court to enforce it.  The District Court denied Otos' motion,

finding it could not enforce a judgment in a foreign jurisdiction that was still under

appeal.  (J.A. 135-36, 249.)

The District Court dismissed OGK's claim on the settlement agreement, and the

parties proceeded to trial on the remaining claims.  The jury returned a verdict, finding

that (1) OGK was liable for breach of contract, but there were no damages from the

breach, (2) OGK wrongfully converted the checks for which Otos was entitled to

---

[1]The embezzlement claim did not proceed to the jury.

[2]"SK\$" refers to South Korean won.  The parties appear to agree that this amount was intended to cover checks retained by OGK totaling \$587,755.  The Korean court notes that the actual amount of the checks was \$587,135.  (J.A. 507.)

3

$587,755, and (3) Otos breached the implied covenant of good faith and fair dealing for which OGK was entitled to $910,000. The District Court denied Otos' motion for a new trial, Otos appealed, and OGK cross-appealed. This Court affirmed the District Court's order denying Otos a new trial and remanded the matter for an award of post-judgment interest to OGK on $322,245, the difference between OGK's judgment and that of Otos.

OGK then filed a motion in the District Court for an order requiring Miller Electric Mfg. Co., one of Otos' customers, to turnover to OGK $910,000 plus interest to satisfy OGK's judgment. The District Court granted OGK's turnover motion and denied Otos any setoff based on Otos' judgment explaining that "a double recovery for [Otos] may result since [Otos] could also recover the Korean judgment entirely." (J.A. 22.) The parties disputed whether OGK had made, and Otos had received, payments through the Korean court in connection with the Korean judgment. OGK argued that it had satisfied the Korean judgment through the sale of Kim's apartment and by depositing funds in the Korean court. (J.A. 155-56.) Otos argued that it had not received any funds other than those received from the sale of Kim's apartment and that, even if those funds had been deposited, they were worth substantially less than Otos' American judgment because of fluctuations in the exchange rate. (J.A. 46-49.)

The Korean judgment, on appeal, was reduced to SK$544,920,318 by the Seoul High Court, and just days after OGK filed its motion for turnover of funds, the Supreme Court of Korea affirmed that judgment. (J.A. 59.) That amount, which was intended to

4

cover Otos' losses on the checks retained by OGK, appears to be the equivalent of $587,135 under the prevailing exchange rate at the time of judgment. (J.A. 59, 155.)

In explaining its turnover-setoff decision, the District Court noted that the Korean judgment was now final and Otos had the option "to enforce the Korean judgment in a separate motion [allowing] the parties to properly brief the issue of whether the Korean judgment has in fact been satisfied." (J.A. 22.) The District Court concluded that "[a]llowing OGK to recover the full judgment granted by this Court and at the same time permitting Otos to seek to enforce the Korean judgment in a separate proceeding protects against double recovery without foreclosing [Otos'] ability to enforce its foreign judgment." (J.A. 22.)

## II.

Whether there should be a setoff was a matter of judicial discretion for the District Court. Otos appeals contending that when the District Court granted OGK's turnover motion and denied Otos any setoff, it abused its discretion as shown by three failures on its part: (1) the District Court should have invoked the doctrine of judicial estoppel and then, having done so, should not have considered the Korean judgment; (2) the District Court's decision conflicted with this Court's decision affirming Otos' American judgment; and (3) the District Court failed to consider that due to the fluctuating rate of exchange, Otos' Korean judgment was worth substantially less than its American judgment.

5

None of these issues were discussed by the District Court, and none of them persuade us that the District Court was wrong.

## III.

We review a challenge to the District Court's decision whether to grant a setoff between judgments for abuse of discretion. *North Chicago Rolling Mill Co. v. St. Louis Ore and Steel Co.*, 152 U.S. 596, 615 (1894) ("[C]ounter-claims . . . may be enforced by way of set-off whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice."). We also review the District Court's failure to invoke the doctrine of judicial estoppel for an abuse of discretion. *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 780 (3d Cir. 2001). Whether a decision of the District Court conflicts with the law of the case is a legal determination subject to plenary review. *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 988 F.2d 414, 425 (3d Cir. 1993). If there is a conflict, the District Court's action is reviewed for abuse of discretion. *Id.*

The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## IV.

A.     Doctrine of Judicial Estoppel

Otos argues that because OGK had taken a prior inconsistent position, OGK should have been judicially estopped from asserting in its turnover motion its purported

6

satisfaction of the Korean judgment and, therefore, the District Court should not have considered the Korean judgment when it granted the motion and denied Otos any setoff. Otos says that OGK, in its opposition to Otos' motion to enforce the Korean judgment, first asserted that neither the issues nor proceedings in the Korean litigation were identical to the litigation in the District of New Jersey. Otos argues that in OGK's turnover motion, OGK then asserted an inconsistent position – that the Korean judgment was "duplicative" and "identical" to the litigation before the District Court.

The doctrine of judicial estoppel "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). "In our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *G.I. Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009). "'Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity'" *United States v. Pelullo*, 399 F.3d 197, 223 (3rd Cir. 2005) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Here, the District Court never accepted OGK's earlier position that the Korean litigation differed from the litigation in the District of New Jersey. Instead, the District Court denied Otos' motion because it found that Otos should not be allowed to enforce a

foreign judgment that was still under appeal and therefore not final.[3]  Since OGK did not

convince the District Court to accept its earlier position, its later position – that the

Korean judgment was "identical" – introduced no risk of inconsistent court

determinations.[4]  Accordingly, the District Court would have erred had it applied the

doctrine of judicial estoppel.

B.      Law of the Case Doctrine

Otos contends that the District Court's decision on OGK's motion for turnover of

funds conflicted with this Court's prior decision affirming the order denying a new trial

and remanding the matter for the award of post-judgment interest.

"Law of the case rules have developed 'to maintain consistency and avoid

reconsideration of matters once decided during the course of a single continuing

lawsuit.'" *Casey v. Planned Parenthood of Southeastern Pennsylvania*, 14 F.3d 848, 856

(3d Cir. 1994).  "[A]n inferior court has no power or authority to deviate from the

mandate issued by an appellate court." *Id.*  "The doctrine is designed to protect

_____

[3]The District Court denied Otos' motion to enforce the Korean judgment "[f]or the reasons explicated at oral argument." (J.A. 249.)  During oral argument, the District Court judge explained to Otos' counsel: "That [judgment] is not a final judgment. I think you are wasting your time procedurally.  I am not saying eventually you may not have a right to come and make such a motion.  But if you are talking about a judgment that is on appeal, I would be foolish judicially and personally foolish to grant you your motion.  The motion is denied." (J.A. 135-36.)

[4]It also appears that OGK never adopted inconsistent positions regarding the Korean judgment.  OGK never represented to the District Court that the claims in both courts were identical; rather, OGK first argued that the claims were different and later argued that the damages ultimately awarded to Otos were the same.

8

traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Phila. Litig.*, 158 F.3d 711, 717-18 (3d Cir. 1998).

There is no law of the case violation here.

In our prior decision, we affirmed the District Court's refusal to grant Otos a new trial and as a consequence, affirmed the judgments for both parties. We also remanded the case for an award of interest based on the difference between those judgments. We did not address the Korean judgment nor the issue of double recovery.[5] (J.A. 241.) The District Court granted a turnover of funds based on OGK's American judgment, a judgment which we had affirmed, and denied any setoff for Otos' American judgment because of the possibility of Otos' obtaining double recovery, an issue which we explicitly had not addressed. Accordingly, nothing in the District Court's decision on OGK's turnover motion conflicts with the law of the case.

C.     Fluctuations in the Exchange Rate

Finally, Otos argues that its Korean judgment was worth substantially less than its American judgment due to fluctuating exchange rates, and that the District Court abused its discretion by denying Otos a partial setoff based on the devaluation of the Korean won.

This is an argument that simply makes no sense.

---

[5]At the time of this Court's decision affirming the District Court's order, the Korean judgment was not a final judgment. The Supreme Court of Korea affirmed it on December 24, 2008, over two months after this Court's decision.

9

When the question for this Court is whether the District Court abused its discretion in denying a setoff, the uncertainties of an uncertain foreign judgment are as foreign to the issue as the West is to the East. The parties dispute whether OGK has even made, and Otos has even received, payments through the Korean court in connection with the Korean judgment. Furthermore, it has not been established on the record when, where, to whom, or in what amount the payments on the Korean judgment have been made.

In its order on the turnover motion, the District Court did not address whether the Korean judgment had been satisfied (and therefore did not consider the devaluation of the Korean won), but instead noted that Otos had the option to enforce the Korean judgment by separate motion, so that these issues could be briefed and the merits tested. The District Court did not abuse its discretion in deciding to proceed in this way. We agree that "[a]llowing OGK to recover the full judgment granted by this Court and at the same time permitting Otos to seek to enforce the Korean judgment in a separate proceeding protects against double recovery without foreclosing [Otos'] ability to enforce its foreign judgment."[6] (J.A. 22.)

---

[6]Otos argues that the District Court misunderstood the issue by giving it the option to enforce the Korean judgment. Otos says it wants to enforce its American judgment, not the Korean judgment, because the Korean judgment is worth substantially less due to the devaluation of the Korean won. We find that the District Court was within its discretion to deny Otos a setoff based on the possibility of a double recovery. How the District Court tests the merits of the parties' claims in order to avoid a double recovery – whether it be by Otos' motion to enforce the Korean judgment, by OGK's motion to declare Otos' American judgment satisfied, or by some other means – has not yet been established on the record and therefore is not ripe for our review.

V.

For the foregoing reasons, we affirm the District Court's order granting the turnover of funds to OGK and denying Otos any setoff.