**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1078
_____

OTOS TECH CO., LTD.
v.
OGK AMERICA, INC.; YALE KIM, a/k/a Youngil Kim
v.
OTOS OPTICAL CO., LTD; MOON YOUNG HUH

Otos Tech Co., Ltd.; Otos Optical Co., Ltd.; Moon
Young Huh,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 2:03-01979)
District Judge:  Hon. William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2011

Before:  CHAGARES, JORDAN, and GREENAWAY, JR.,
<u>Circuit Judges</u>.

(Filed: August 9, 2011)

_____

OPINION

_____

CHAGARES, Circuit Judge.

Otos Tech. Co., Ltd., Otos Optical Co., Ltd., and Moon Young Huh (collectively, "Otos") appeal the District Court's denial of their request to enforce a judgment of the Supreme Court of South Korea against OGK America, Inc. and Yale Kim (collectively, "Kim"). For the reasons that follow, we will affirm.

I.

This appeal involves two parallel litigations: one in the United States, before the United States District Court for the District of New Jersey, and one in South Korea. Otos originally brought suit in the District of New Jersey in 2003, asserting claims for breach of contract, conversion, and embezzlement. These claims arose out of Kim's retention of three checks worth $587,775.05. Kim answered and asserted counterclaims for breach of contract, breach of a settlement agreement, and breach of the covenant of good faith and fair dealing. Kim maintained that Otos wrongfully terminated his employment contract and that he retained the three checks pursuant to an agreement between the two parties to settle this wrongful termination.

While this lawsuit was still pending, Otos brought an action against Kim in South Korea and asserted essentially identical claims pertaining to the same three checks. On December 16, 2005, a South Korean court entered judgment in favor of Otos in the amount of 607,156,665 South Korean Won, which was later reduced on appeal to 544,920,318 South Korean Won, an amount that was equivalent to $587,755.05 (in U.S. dollars) at the time. Otos was also awarded post-judgment interest on that amount. Kim appealed the decision but the Supreme Court of Korea affirmed on December 24, 2008.

Meanwhile, the litigation between Otos and Kim in the District of New Jersey proceeded to a trial before a jury. On August 11, 2006, after the conclusion of the trial, judgment was entered in favor of Otos in the amount of $587,755.05 on Otos's conversion claim and in favor of Kim in the amount of $910,000 on Kim's counterclaim for breach of the covenant of good faith and fair dealing. The District Court denied Otos's motion for a new trial, and both parties appealed. This Court affirmed and remanded to the District Court for the calculation of post-judgment interest. Otos Tech Co. v. OGK Am., Inc., 295 F. App'x 514 (3d Cir. 2008).

After the conclusion of the trial, Otos embarked on a campaign to seize Kim's assets in Korea in order to satisfy the Korean judgment. Based on the record before this Court, Otos appears to have been successful in this endeavor. Kim ultimately paid 807,619,134 in South Korean Won between November 2006 and February 2009 to satisfy the Korean judgment, an amount that includes forced sales of Kim's apartment and stocks as well as voluntary deposits made by Kim. In an order dated February 16, 2009, the South Korean

3

court rejected Otos's latest application to seize Kim's assets, stating that "[i]t is clear that . . . the payment of the principal and interest on late payment . . . was <u>fully carried out</u>." Joint Appendix ("JA") 178 (emphasis added). Otos does not challenge this conclusion on appeal.

Back in the United States, Kim filed a motion on December 22, 2008 requesting that the District Court order the turnover of funds from the accounts of one of Otos's customers in light of Otos's failure to pay Kim any money in satisfaction of the $910,000 judgment (plus interest) entered in Kim's favor on August 11, 2006. Otos objected, and also argued that any turnover should be subject to a "setoff" in the amount of its American judgment, $587,755.05. The District Court granted Kim's motion on July 29, 2009 and denied Otos's request for a setoff, holding that "[i]f that judgment is set-off against [Kim's] judgment here, a double recovery for [Otos] may result since [Otos] could also recover the Korean judgment entirely." JA 96.

Otos appealed, and we affirmed. <u>Otos Tech Co. v. OGK Am., Inc.</u>, 393 F. App'x 5 (3d Cir. 2010). We held "that the District Court was within its discretion to deny Otos a setoff based on the possibility of a double recovery" given that "it has not been established on the record when, where, to whom, or in what amount the payments on the Korean judgment have been made." <u>Id.</u> at 10 & n.6. In other words, it was unclear at the time whether granting Otos a setoff on its American judgment may result in Otos impermissibly recovering twice for the same harm: once in satisfaction of its Korean judgment, and again by reducing Kim's American judgment. In light of the vagaries of the record, we concluded by noting that, on remand, the District Court may

4

"test[] the merits of the parties' claims in order to avoid a double recovery" by various means, depending on whether Otos filed a motion to enforce the Korean judgment, Kim filed a motion to declare Otos's American judgment satisfied, "or by some other means." Id. at 10 n.6.

Otos elected to proceed by seeking to enforce the Korean judgment. On September 16, 2010, Otos filed a motion before the District Court seeking to satisfy the Korean judgment and to "equalize" the Korean judgment with the American judgment. Although Otos did not dispute that Kim had satisfied the Korean judgment, Otos asserted that due to a devaluation of the South Korean Won, Kim's satisfaction of the Korean judgment only amounted to an actual payment of $382,215 (in U.S. dollars). As a result, Otos maintained that the Korean judgment should be "equalized" with the American judgment in the amount of $205,540.05, the difference between the amount of the American judgment ($587,755.05) and the actual payments made by Kim after being adjusted by currency devaluation ($382,215).

On December 16, 2010, the District Court denied Otos's motion, concluding that although the Korean judgment was both valid and enforceable in American courts, it "has been fully satisfied." JA 26. This timely appeal followed.

II.

This is a diversity action governed by New Jersey law. The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) and we have jurisdiction under 28 U.S.C. § 1291.

5

We exercise de novo review over a district court's decision to grant full faith and credit to a foreign judgment. See Barrows v. Barrows, 489 F.2d 661, 662-63 (3d Cir. 1974) (conducting a de novo review in determining the enforceability of a foreign judgment); see also Diorinou v. Mezitis, 237 F.3d 133, 139 (2d Cir. 2001) (collecting cases and noting that "domestic courts have not clearly articulated the standard of appellate review of the decision whether to enforce [a] foreign judgment, but appear to be applying a de novo standard").

III.

As an initial matter, we agree with the District Court's conclusion that the Korean judgment is both valid and enforceable in American courts. "The Treaty of Friendship, Commerce and Navigation Between the United States of America and The Republic of Korea elevates a Korean judgment to the status of a sister state judgment," and "[i]n New Jersey, sister state judgments by confession are entitled to full faith and credit." Choi v. Kim, 50 F.3d 244, 248 (3d Cir. 1995) (citation omitted). None of the various exceptions to the enforcement of such sister state judgments – such as lack of personal or subject matter jurisdiction, or the failure to provide adequate due process – are applicable to this case. See id.

Notwithstanding this initial conclusion, we will affirm the District Court's denial of Otos's motion to enforce the Korean judgment. Put simply, Otos is attempting to enforce the wrong judgment in this case. In our previous opinion in this matter, we noted that the record was then unclear whether Kim had satisfied the Korean judgment, and that accordingly,

6

a setoff was inappropriate in light of the risk that Otos may impermissibly recover twice for the same harm: once in Korea, and then again by reducing Kim's award by the value of Otos's American judgment. Otos Tech, 393 F. App'x at 10 & n.6.

The record now appears to be clear that Kim has satisfied the Korean judgment. A Korean court has explicitly held as much and Otos has not contested this fact below or on appeal. As such, there is no merit in Otos's attempt to satisfy the Korean judgment for a second time in the District of New Jersey. There is also no support for Otos's novel proposition that a previously satisfied foreign judgment is subject to some kind of "equalization" in American courts in light of currency devaluation. We therefore agree with the District Court's conclusion that the judgment in this case "has been fully satisfied." JA 26.

IV.

For the foregoing reasons, we will affirm.